IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MILTON AL STEWART, )<br>ACTING SECRETARY OF LABOR, )<br>UNITED STATES DEPARTMENT )<br>OF LABOR, )<br>)<br>    Plaintiff, )<br>)     CIVIL ACTION FILE<br>v. )     NO. 6:21-cv-1042<br>)<br>GENESIS HEALTH CLUBS )<br>MANAGEMENT, INC. )<br>d/b/a Genesis Health Clubs, )<br>GENESIS HEALTH CLUBS OF )<br>MIDWEST LLC, and )<br>RODNEY STEVEN II, Individually, )<br>)<br>    Defendants. ) | |

## **COMPLAINT**

Plaintiff brings this action to enjoin Defendants from violating the provisions of Sections 11 and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.), hereinafter called the Act, pursuant to section 17 of the Act.

I

Jurisdiction of this action is conferred upon the Court by section 17 of the Act, and by 28 U.S.C. § 1345.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this district and because Defendants transact business in the District of Kansas.

II

Defendant Genesis Health Clubs Management, Inc. is a corporation incorporated in the State of Kansas, with its principal place of business located at 6100 East Central, Bldg 3, Wichita, Kansas, within the jurisdiction of this Court.

Defendant Genesis Health Clubs of Midwest LLC is a limited liability company organized under the laws of the State of Kansas, with its principal place of business located at 6100 East Central, Bldg 3, Wichita, Kansas, within the jurisdiction of this Court.

At all relevant times, Defendant Genesis Health Clubs Management, Inc. and Defendant Genesis Health Clubs of Midwest LLC have operated one or more health clubs/gyms doing business as Genesis Health Club.

Defendant Rodney Steven II is an owner of Defendants Genesis Health Clubs of Midwest LLC and Genesis Health Clubs Management, Inc. and acts directly or in the interest of Defendants Genesis Health Clubs of Midwest LLC and Genesis Health Clubs Management, Inc. in relation to its employees, and therefore, is an employer within the meaning of section 3(d) of the Act.  Upon information and belief, at the time of the actions giving rise to this claim, Defendant Rodney Steven II resides in Sedgwick County, within the jurisdiction of this Court.

III

The activities of Defendants referred to in paragraph II were, and are, related and performed through unified operation or common control for a common business purpose, and have, since at least September 1, 2019, constituted an enterprise within the meaning of section 3(r) of the Act.

IV

Since at least September 1, 2019, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(s)(1)(A) of the Act.

V

Defendants, employers subject to the provisions of the Act, have repeatedly violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that since at least September 1, 2019, Defendants have failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act.  Specifically, Defendants failed to maintain records of the hours worked each workday and each workweek for certain employees to whom section 6 or both sections 6 and 7(a) of the Act apply.

VI

Defendants have repeatedly violated and continue to violate the aforesaid provisions of the Act as alleged in paragraph V.  A judgment permanently enjoining and restraining the violations herein alleged, is specifically authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment against Defendants as follows:

A. For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice thereof, from violating the provisions of Sections 11 and 15 of the Act;

B. For an Order awarding Plaintiff costs of this action; and

C. For an Order granting such other and further relief as may be necessary or appropriate.

>Elena S. Goldstein
>Deputy Solicitor of Labor
>
>Christine Z. Heri
>Regional Solicitor
>
>Evert H. Van Wijk
>Associate Regional Solicitor
>
>s/Traci Martin
>Traci Martin
>KS Bar #24284
>Trial Attorney
>
>2300 Main Street, Suite 1020
>Kansas City, MO  64108
>(816) 285-7262
>(816) 285-7287 (fax)
>martin.traci.e@dol.gov
>
>U.S. Department of Labor
>Attorneys for Plaintiff